**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABELINE DIVISION**

| | | |
|---|---|---|
| **DOUG McCAULEY, on behalf of himself and others similarly-situated,** | § § § | |
| *Plaintiff,* | § § | |
| | § | **CIVIL ACTION NO. 1:14-cv-00172** |
| **v.** | § § | |
| **COMANCHE COUNTY MEDICAL CENTER COMPANY and COMANCHE COUNTY CONSOLIDATED HOSPITAL DISTRICT** | § § § § | **JURY DEMAND** |
| | § | |
| *Defendants.* | | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff DOUG McCAULEY (hereinafter collectively "Plaintiffs"), by and through his counsel, for his Complaint against Defendants COMANCHE COUNTY MEDICAL CENTER COMPANY and COMANCHE COUNTY CONSOLIDATED HOSPITAL DISTRICT (hereinafter "Defendants"), seeks to recover for Defendants' violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C.  §§ 201 *et seq.*, and hereby states and alleges as follows:

**I.      INTRODUCTION**

1.      This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA") by Plaintiff DOUG McCAULEY, on behalf of himself and all others similarly-situated, who were formerly or are currently employed as paramedics by Defendants. *See* 29 U.S.C. § 216(b).

2.      Defendants required and/or permitted Plaintiff and the other paramedics to work in excess of forty (40) hours per week, but failed or refused to compensate them for such

overtime hours worked in accordance with the FLSA.   Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one-and-one-half times their regular hourly rate.  *See* 29 U.S.C. § 207(a).

3.      As a result of such violations of the FLSA's wage and hour provisions by Defendants, Plaintiff brings this action seeking legal and equitable relief provided under the FLSA.

## II.      JURISDICTION

4.      This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

5.      Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(1).

## III.      THE PARTIES

6.      Plaintiff DOUG McCAULEY was at all material times a paramedic employed by Defendant, COMANCHE COUNTY MEDICAL CENTER COMPANY.  He presently resides in Palo Pinto, Texas and has been a resident of Palo Pinto, Texas during all material times.  Finally, Plaintiff was, at all material times, a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

7.      Defendant COMANCHE COUNTY MEDICAL CENTER COMPANY ("CCM") is a Texas corporation which can be served with process by serving its registered agent, Gjerset & Lorenz, L.L.P., at their office located at 2801 Via Fortuna, Suite 500, Austin, Texas 78756.

8.      Defendant COMANCHE COUNTY CONSOLIDATED HOSPITAL DISTRICT ("CCCHD") is a Texas general law municipality which can be served with process by serving its

Board of Directors President, Barbra Williams, at the City's principal office located at 1021 Hwy. 16 N., Comanche, TX 76442

## IV.   COVERAGE

9.      Defendants are engaged in interstate commerce.

10.      At all material times, Defendants have been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.      At all material times, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

12.      At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

13.      Defendants have, and continue to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

14.      At all material times, Plaintiff and all others similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

## V.   GENERAL FACTUAL ALLEGATIONS

15.      Defendant CCCHD is a Texas hospital district authorized by Texas law which provides paramedic services.

16.      Defendant CCM is a Texas non-profit corporation which provides paramedic services.

17.      Plaintiff, and all others similarly-situated, at all material times, worked for Defendant as paramedics.

18.     Plaintiff has worked for Defendants since at least 2010 and continues to work for Defendant as of the time of the filing of this complaint.

19.     Plaintiff regularly worked in excess of forty hours per week without overtime compensation at the rate of time and one-half his regular rate for hours worked in excess of forty hours per week.

20.     For at least three (3) years prior to filing this Complaint (hereinafter the "Liability Period"), Defendants had a policy and practice of not correctly compensating its paramedics for work performed for the benefit of Defendants over and above forty (40) hours per week as required under the provisions of the FLSA.

## VI.     COLLECTIVE ACTION ALLEGATIONS

21.     Paragraphs 1-20 are incorporated herein as if set forth in full.

22.     Plaintiff (the "Collective Action Representative") brings this FLSA claim, as an "opt-in" collective action pursuant to 90 U.S.C. § 216(b) (the "Collective Action").   In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as the representative of all similarly-situated former and current employees of the Defendants.   The potential class of "opt-in" employees can be defined as:

> ***All paramedics currently or formerly employed by Defendant, who were paid under a compensation system where they were not compensated for all hours worked or related overtime at the rate of time and one-half for all hours worked over forty (40) in a given workweek as required by the Fair Labor Standards Act.***

23.     FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

24.     Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of

failing or refusing to compensate its employees at a rate of at least one and one-half times their regular hourly rate for all hours worked in excess of forty hours in a given week.

25.     The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

26.     Potential Collective Action members may be informed of the pendency of this collective action through direct mail and office posting.  Plaintiff believes current and former employees of the Defendants may have been affected.

27.     There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    (a)     Whether Plaintiffs were compensated for all hours worked;

    (b)     Whether Plaintiffs worked more than forty (40) hours per week;

    (c)     Whether Plaintiffs were compensated at time-and-one-half their "regular rate" for all hours worked over forty in any and all weeks;

    (d)     Whether Defendants' practices accurately account for the time Plaintiffs actually were working;

    (e)     Whether Defendants' compensation policy and practice is illegal;

    (f)     Whether Defendants had a policy and practice of willfully failing to record and compensate employees for overtime; and

28.     The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

29.     The Collective Action Representatives' claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

30.     A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds generally applicable to the similarly-situated current and former employees.  The presentation of separate actions by individual similarly-situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

31.     The Collective Action Representative is an adequate representative of similarly-situated current and former employees because he is an employee of the same entity and his interests do not conflict with the interests of the other similarly-situated current and former employees he seeks to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and his undersigned counsel. Furthermore, employees are interchangeable as production needs dictate and, as a result, they are all similar regardless of title or supervisor.

32.     Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy.  It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action.   In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications.  On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

## VII.    COUNT I
### (Violation of FLSA, 29 U.S.C. § 207(a))

33.    Paragraphs 1-32 are incorporated herein as if set forth in full.

34.    At all material times, Plaintiff was an employee of Defendants.

35.    At all material times, Defendants required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate him for all such hours.

36.    Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one and one-half times their regular hourly rate.  *See* 29 U.S.C. § 207(a).

37.    Accordingly, Plaintiff and all persons similarly-situated have been deprived overtime compensation in amounts to be determined at trial.

38.    Further, Plaintiff and all persons similarly-situated are entitled to recovery of such amounts in addition to liquidated damages, including without limitation costs of court, expenses, and attorneys' fees.  *See* 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court enter judgment in Plaintiff's favor, granting the following relief:

(a)    at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly-situated current and former employees of Defendants, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive proper overtime compensation for hours worked in excess of forty (40) in a week;

(b)     issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all time spent in excess of forty (40) hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c)     issue an Order directing and requiring Defendants to pay Plaintiffs and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtimes wages owed to them;

(d)     issue an Order directing Defendants to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest; and

(e)     issue an Order declaring Defendants' overtime and minimum wage practices to be illegal and directing Defendant to comply with the FLSA; and

(f)     provide Plaintiff with such other and further relief as the Court deems just and proper.

Dated: October 31, 2014         Respectfully submitted,


By: /s/ Charles W. Branham
     Charles W. Branham, III
     Texas Bar No. 24012323
     Corinna Chandler (of counsel)
     Texas Bar No. 24061272
     BRANHAM LAW, LLP
     3900 Elm Street
     Dallas, Texas 75201
     214-722-5990
     214-722-5991 (fax)
     tbranham@branham-law.com
     cchandler@branham-law.com


**ATTORNEYS FOR PLAINTIFFS**